In The United States District Court
For the Southern District of Ohio
Eastern Division

FILED
JAMES BONINI
CLERK

04 MAY 14 PM 3: 24

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

Ohio Legal Rights Service,

    Plaintiff,

v.

The Buckeye Ranch, Incorporated

and

Richard E. Reiser,
    in his capacity as President and CEO
    of The Buckeye Ranch

and

Michelle Delery Stratman,
    in her capacity as Quality
    Improvement Director for the
    Buckeye Ranch,

    Defendants.

No. C - 2:04 cv 384

Judge **JUDGE GRAHAM**

Magistrate Judge **MAGISTRATE JUDGE KING**

## PLAINTIFF'S COMPLAINT FOR DECLARATORY JUDGEMENT AND INJUNCTIVE RELIEF

### Introduction / Jurisdiction

1. This is an action to ensure that defendant, a residential treatment center and certified treatment agency, complies with federal and state law by providing access to patient records when the plaintiff, the protection and advocacy system created by Congress and the Ohio General Assembly to protect and advocate the rights of people with mental illness, has requested the records.

2. Plaintiff is seeking these records under its authority to investigate alleged abuse and neglect in facilities such as defendants'.

3. Defendants' continued refusal to provide access to client records, including the record of a thirteen year old child whose wrist was allegedly broken, and logs that document incidents of restraint and seclusion involving patients, interferes with plaintiffs' legal authority to conduct its abuse and neglect investigations and monitoring of conditions at defendants' facility.

4. This action seeks declaratory and injunctive relief only.

5. Jurisdiction is vested in this Court as this case raises a question of general federal law, 28 U.S.C. section 1331, and under this Court's supplemental jurisdiction as to the plaintiff's state law claims pursuant to 28 U.S.C. section 1367.

6. Venue is proper in this Court under 28 U.S.C. section 115 and Southern District of Ohio Local Civil Rule 82.1.

**Parties**

7. Plaintiff, Ohio Legal Rights Service, is an agency of the State of Ohio, chartered by statute at Ohio Revised Code section 5123.60.

8. Plaintiff, pursuant to its statutory charter, is independent of the executive branch and the Attorney General.

9. Plaintiff's offices are located at 8 East Long Street, Suite 500, Columbus, Ohio.

10. Plaintiff is designated by the Governor of the State of Ohio as the protection and advocacy system for people with mental illness pursuant to 42 U.S.C. sections 10801 *et seq.*

11. In its capacity under state law and as the P & A under federal law, plaintiff is authorized to conduct investigations into alleged abuse or neglect of people with mental illness.

12.   Defendant The Buckeye Ranch, Incorporated, (hereinafter "Buckeye Ranch") is a not for profit corporation created under and governed by the laws of the State of Ohio.

13.   Defendant Buckeye Ranch is located at 5665 Hoover Road, Grove City, Ohio, 43123.

14.   Defendant Buckeye Ranch operates a residential treatment facility for children with mental illness.

15.   Defendant Buckeye Ranch's residential treatment facility is licensed by the Ohio Department of Mental Health.

16.   Approximately 80 children with mental illness can be served by Defendant's licensed residential facilities.

17.   Further, defendant Buckeye Ranch is a certified mental health agency.

18.   Defendant Richard E. Reiser is the executive director and administrator of the Buckeye Ranch.

19.   Defendant Michelle Delery Stratman is the Quality Improvement Director of the Buckeye Ranch.

## Facts

**Abuse / Neglect Investigations**

20.   In February, 2004, plaintiff received an unusual incident report regarding an injury to a 13 year old patient at the residential facility owned and managed by defendants.

21.   The report stated that the child had been diagnosed with a buckle fracture.

22.   The report further stated it was inconclusive as to cause.

23.   After a preliminary investigation that consisted of interviewing staff at the defendants' facility, plaintiff's investigator determined that the child had complained of pain in her wrist on February 5, 2004; that the child had been restrained three times on February 10, 2004; that an x-

3

ray of the wrist was not obtained for three days after the child complained of pain during the restraint incident.

24. On March 26, 2004, plaintiff's investigator requested that he be permitted to review the client' records.

25. On March 30, 2004, defendant Stratman, in her capacity as Quality Improvement Director for defendant Buckeye Ranch, told plaintiff's investigator that he would not be permitted to review the child's records without the consent of the child's guardian.

26. The child's guardian is Franklin County Children Services, a political subdivision of the State of Ohio.

**Restraint / Seclusion Logs**

27. Defendants are required by the Ohio Department of Mental Health licensure rules to maintain a log of seclusion or restraint episodes involving residents.

28. Defendants maintain such logs.

29. On several occasions, plaintiff has made written requests for access to the logs.

30. On March 9, 2004, defendants, in a letter from defendant Stratman, refused to provide access to the log.

31. Subsequently, on March 22, 2004, plaintiff again demanded in writing access to these logs.

32. To date, defendants have not provided plaintiff with access to the requested records.

33. On April 23, 2004, plaintiff reiterated in writing its demand to obtain access to the child's record and the seclusion and restraint logs

34. On May 4, 2004, through its counsel, defendant Buckeye Ranch refused to comply with said demand.

4

35. Plaintiff continues to suffer irreparable injury as defendant's refusal to provide access to records prevents plaintiff from conducting an investigation into whether abuse or neglect of these patients occurred.

**FIRST CAUSE OF ACTION**

36. Plaintiff incorporates paragraphs 1-35 of this complaint in this paragraph as if rewritten herein.

37. 42 U.S.C. § 10805(a)(4) provides that plaintiff shall:

in accordance with [42 USCS § 10806], have access to all records of—

(A) any individual who is a client of the system if such individual, or the legal guardian, conservator, or other legal representative of such individual, has authorized the system to have such access;
(B) any individual (including an individual who has died or whose whereabouts are unknown)--
    (i) who by reason of the mental or physical condition of such individual is unable to authorize the system to have such access;
    (ii) who does not have a legal guardian, conservator, or other legal representative, or for whom the legal guardian is the State; and
    (iii) with respect to whom a complaint has been received by the system or with respect to whom as a result of monitoring or other activities (either of which result from a complaint or other evidence) there is probable cause to believe that such individual has been subject to abuse or neglect; and
(C) any individual with a mental illness, who has a legal guardian, conservator, or other legal representative, with respect to whom a complaint has been received by the system or with respect to whom there is probable cause to believe the health or safety of the individual is in serious and immediate jeopardy, whenever--
    (i) such representative has been contacted by such system upon receipt of the name and address of such representative;
    (ii) such system has offered assistance to such representative to resolve the situation; and
    (iii) such representative has failed or refused to act on behalf of the individual; . . . .

38. 42 C.F.R. § 51.43 states that: "If a P&A system's access to facilities, programs, residents or records covered by the Act or this part is delayed or denied, the P&A system shall be provided promptly with a written statement of reasons, including, in the case of a denial for alleged lack of authorization, the name, address and telephone number of the legal guardian, conservator, or

5

other legal representative of an individual with mental illness. Access to facilities, records or residents shall not be delayed or denied without the prompt provision of written statements of the reasons for the denial."

39. 42 C.F.R. § 51.31 (c) and (d) require the P & A system to "[w]herever possible, . . . establish an ongoing presence in residential mental health care or treatment facilities. . ." and to "obtain information and review records.

40. 42 C.F.R. § 51.31 (g) provides that "[d]etermination of 'probable cause' may result from . . . monitoring or other activities, including observation by P & A system personnel, and reviews of monitoring and other reports prepared by others . . . ."

41. 42 C.F.R. § 51.41(e) states that "[a] P&A system shall be permitted to inspect and copy records, subject to a reasonable charge to offset duplicating costs."

42. The guardian of the child who was the subject of the plaintiff's investigation was an agency that is a political sub-division of the state, Franklin County Children Services Board.

43. Plaintiff's investigator / advocate had cause to suspect that the child had been the subject of abuse or neglect.

44. Defendants, by their refusal to provide plaintiff with access to records as requested, have violated 42 U.S.C. 10805 and the implementing regulations at Title 42, part 51, Code of Federal Regulations.

**SECOND CAUSE OF ACTION**

45. Plaintiff incorporates paragraphs 1-35 of this complaint in this paragraph as if rewritten herein.

46. O.R.C. § 5123.60 provides, in pertinent part, that plaintiff and its staff:

> . . . shall have ready access to the following:

6

> (1) During normal business hours and at other reasonable times, all records relating to expenditures of state and federal funds or to the commitment, care, treatment, and habilitation of all persons represented by the legal rights service, including those who may be represented pursuant to division (L) of this section, or persons detained, hospitalized, institutionalized, or receiving services under this chapter or Chapter 340., 5119., 5122., or 5126. of the Revised Code that are records maintained by the following entities providing services for those persons: departments; institutions; hospitals; community residential facilities; boards of alcohol, drug addiction, and mental health services; county boards of mental retardation and developmental disabilities; contract agencies of those boards; and any other entity providing services to persons who may be represented by the service pursuant to division (L) of this section;
>
> * * *
>
> (3) During their normal working hours, personnel of the departments, facilities, boards, agencies, institutions, hospitals, and other service-providing entities;
>
> (4) At any time, all persons detained, hospitalized, or institutionalized; persons receiving services under this chapter or Chapter 340., 5119., 5122., or 5126. of the Revised Code; and persons who may be represented by the service pursuant to division (L) of this section.

47. Defendants, by their refusal to provide plaintiff with access to records as requested, have violated Ohio Revised Code section 5123.60.

**RELIEF**

WHEREFORE, plaintiff prays that this Court:

1. Issue a declaratory judgment that 42 USC § 10805 and its implementing regulations provide plaintiff with access to the records that it seeks.

2. Issue a declaratory judgment that R.C. § 5123.60 provides plaintiff with access to the records that it seeks.

3. Provide plaintiff with preliminary relief upon application to enjoin defendant from denying plaintiff access to the records in question during the pendency of this litigation.

4. Permanently enjoin defendant from denying plaintiff access to the records in question or to any record in the future.

5. Award plaintiff its attorneys' fees and costs as permitted under law.

6. Provide such other relief as is just and equitable.

Respectfully submitted,

_____
Michael Kirkman (0009854)
Trial Attorney for Plaintiff
mkirkman@olrs.state.oh.us


_____
Ronald L. Smith (0017024)
Attorney for Plaintiff
rsmith@olrs.state.oh.us


_____
John R. Harrison (0065286)
Attorney for Plaintiff
jharrison@olrs.state.oh.us

Ohio Legal Rights Service
8 East Long Street, Suite 500
Columbus, Ohio 43215
(614) 466-7264
Fax (614)644-1888
